Medford J. Campbell, Sr. v. Commissioner.
Campbell v. Commissioner
Docket No. 52741.
United States Tax Court
T.C. Memo 1955-102; 1955 Tax Ct. Memo LEXIS 236; 14 T.C.M. (CCH) 342; T.C.M. (RIA) 55102; April 25, 1955
*236 Medford J. Campbell, Sr., 1828 Ashland Avenue, Baltimore, Md., pro se. A. Russell Beazley, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $200.49 in the petitioner's income tax for 1952. The issues presented by the pleadings are the correctness of the respondent's action (1) in disallowing a deduction taken by petitioner as support payments for children; (2) in disallowing a deduction taken for payment made to a life and casualty insurance company; and (3) in disallowing the deduction taken for tuition paid. At the hearing the petitioner conceded the correctness of the respondent's action with respect to issues (2) and (3). Findings of Fact The petitioner's income tax return for 1952 was filed with the collector at Baltimore, Maryland. In November 1951 the petitioner and his wife separated and that relationship continued to exist between them to the time of the hearing herein. At the time of the separation they had three children whose ages were approximately 5 years, 4 years and 1 year, respectively. During 1952 petitioner, pursuant to order of Circuit Court No. 2 of Baltimore *237 City, Maryland, made periodic payments totaling $1,080 to the Probation Department of that court for the support of the three children. In his income tax return for 1952 the petitioner did not claim an exemption on account of any of the children but took a deduction of $960 for periodic payments to the Probation Department for support of the children. In determining the deficiency the respondent disallowed the deduction. Opinion The petitioner has not cited us to any provision of the Internal Revenue Code of 1939 or to any decision, and we do not know of any, which authorizes a parent to deduct from income payments made for support of his children. The petitioner made no claim on his return for exemption on account of any of the children and no issue is presented here as to whether he was entitled to do so. Under questioning by the Court, counsel for the respondent stated at the hearing that petitioner's wife claimed in her return for 1952, and was allowed, exemptions for the three children. Decision will be entered for the respondent.